**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000659**
**27-JUN-2014**
**08:56 AM**

NO. CAAP-14-0000659

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SCOTT SPITTLER,
Plaintiff/Counterclaim-Defendant/Appellant,
v.
PAUL R. CHARBONNEAU, et al.,
Defendants/Counterclaim-Plaintiffs/Appellees,
and
ELIZABETH THERESA SCHMIDT,
Defendant/Cross-Claim Defendant/Cross-Claim Plaintiff/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-0007)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over this appeal that Plaintiff/Counterclaim-Defendant/Appellant Scott Spittler and Defendant/Cross-Claim Defendant/Cross-Claim Plaintiff/Appellant Elizabeth Theresa Schmidt have asserted from the Honorable Greg K. Nakamura's February 26, 2014 judgment, because the February 26, 2014 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a)

(1993 & Supp. 2013), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $_____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawaiʻi has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (citation omitted; original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis).

The February 26, 2014 judgment vaguely enters judgment in favor of and against, among other persons, a single person whom the circuit court vaguely identifies with a single name, "Charbonneau," despite that there are two separate and distinct parties in this case who share that same last name:

      (1)    Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee Paul R. Charbonneau (Appellee Paul Charbonneau), and

      (2)    Defendant/Counterclaim-Plaintiff/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee Janice Charbonneau (Appellee Janice Charbonneau).

The February 26, 2014 judgment does not clearly identify whether the circuit court is entering judgment as to (a) Appellee Paul Charbonneau, (b) Appellee Janice Charbonneau, or (c) both Appellee Paul Charbonneau and Appellee Janice Charbonneau.

Without specifically identifying all parties in favor of and against whom the circuit court intends to enter judgment, the February 26, 2014 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in <u>Jenkins</u>. Absent an appealable final judgment in this case, this appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-14-0000659.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000659 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 27, 2014.

Presiding Judge

Associate Judge

Associate Judge

-4-